UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: REGINALD and DAN'YALE
WATKINS,

                              Debtors.

BANKR. CASE NO. 04-51655
Chapter 13
Honorable Thomas J. Tucker

_____/

REGINALD and DAN'YALE WATKINS,

                              Appellants,

CIVIL CASE NO. 06-12407

v.

HONORABLE PAUL V. GADOLA
U.S. DISTRICT COURT

DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC, successor by
merger to DAIMLECHRYSLER SERVICES
NORTH AMERICA LLC,

                              Appellee.

_____/

**OPINION AND ORDER AFFIRMING
THE DECISION OF THE BANKRUPTCY COURT**

      Appellants Reginald and Dan'Yale Watkins ("Debtors"), appeal from the May 17, 2006 order of the bankruptcy court, modifying the automatic stay in the Debtors' Chapter 13 bankruptcy case as to creditor DaimlerChrysler Financial Services Americas, LLC ("DaimlerChrysler").

**I.    Background**

      On August 25, 2004, Debtors' Chapter 13 plan was confirmed. Pursuant to the plan, Debtors were required to submit a plan payment in a specified amount on the 5th of each month. On November 29, 2004, a post-confirmation plan modification was filed by Debtors. This modification reduced Debtors' monthly payment and excused some of their previously missed plan payments.

It is alleged that by February 15, 2006, Debtors were significantly delinquent on their plan payments. Therefore, DaimlerChrysler, one of Debtors' creditors based upon Debtors' 2002 purchase of a 2000 Dodge Caravan through a retail installment contract, filed a motion for relief from the automatic stay as to Debtors' Chrysler vehicle. Following Debtors' response to the motion, the bankruptcy court held a hearing on the matter on March 16, 2006.

At the hearing, DaimlerChrysler argued that the stay should be modified because, according to DaimlerChrysler's allegations, Debtors were $3911.00 delinquent in their plan payments and DaimlerChrysler, individually, was underpaid under the plan terms. Debtors did not dispute that they were delinquent in some of their plan payments but argued that DaimlerChrysler individually, as a class five creditor under the plan, had received payments equal to, or even exceeding, the amount it was entitled to under the plan. Furthermore, as yet another reason why DaimlerChrysler was not entitled to relief, Debtors asserted that if they continued to pay at their current pace, DaimlerChrysler's claim would cure within 57 months, three months earlier than proposed by the plan. DaimlerChrysler denied that it had been properly paid under the plan. DaimlerChrysler argued that Debtors missed several plan payments and, when payments were made by Debtors, the payments were frequently late. Late payments into the plan, it was argued, resulted in individual creditors such as DaimlerChrysler failing to receive its monthly payment. Furthermore, DaimlerChrysler pointed out that different statements within the modified plan conflicted with one another as to the payment it should receive each month. Under the terms it believed to be correct, DaimlerChrysler argued that calculations demonstrated that it was clearly underpaid.

The bankruptcy court, acknowledging Debtors' admission that they had been delinquent on

plan payments, ruled to modify the stay.

> I'm going to grant limited relief regarding the motion here. First there is - - the Debtor has admitted that presently the debtor is one payment delinquent in plan payments to the tune of $3,600.00. The facts demonstrate a cure default by the debtor in performing the terms of the confirmed plan as a result. That of course means only that there - - in my view there is cause to grant some relief from stay in the Court's discretion.

*See* Tr. Bankr. Hr'g on Mot. for Relief of Stay, p. 12 (Mar. 16, 2006).[1] The bankruptcy court, considering the degree of the default, then modified the stay by making it conditional on the Debtors being fully paid on the trustee's records by April 14, 2006. The court also added a 30-day future default provision.

The issue now before this Court on appeal is whether the bankruptcy court's modification of the automatic stay was proper.

**II.     Standard of Review**

"District courts review a bankruptcy court's conclusions of law de novo.*" In re McNamara*, 275 B.R. 832, 835 (E.D. Mich. 2002) (Gadola, J.). "A district court will not disturb a bankruptcy court's findings of fact, however, unless those findings were clearly erroneous." *Id. See also In re Charfoos*, 979 F.2d 390, 392 (6th Cir. 1992). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Mathews (In re Mathews)*, 209 B.R. 218 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, *North Carolina*, 470 U.S. 564, 573 (1985)). A bankruptcy court's ruling on the lifting of an automatic stay is

---

[1]For ease of reference, the transcript of the hearing will hereinafter be referred to only as "Tr."

3

reviewed on appeal for an abuse of discretion. *Spierer v. Federated Dept. Stores, Inc (In re Federated Dept. Stores, Inc.)*, 328 F.3d 829, 836 (6th Cir. 2003) (citing *White v. White (In re White)*, 851 F.2d 170, 174 (6th Cir. 1988). The application of the incorrect legal standard, the misapplication of the correct legal standard, or the reliance upon clearly erroneous findings of fact by the bankruptcy court warrant a finding of an abuse of discretion. *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if a reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 608 (6th Cir. 2000) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982); *In re Carter*, 100 B.R. 123, 126 (Bankr. D. Me. 1989)).

**III.   Analysis**

In any hearing to modify an automatic stay, the party requesting the relief has the burden of proof on the issue of the debtor's equity in the contested property. 11 U.S.C. § 362(g). The party opposing the relief has the burden of proof as to all other issues. *Id.*

The modification of an automatic stay is substantively governed by 11 U.S.C. § 362. Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and

4:06-cv-12407-PVG-VMM   Doc # 16   Filed 03/14/07   Pg 5 of 7   Pg ID 298

(B) such property is not necessary to an effective reorganization . . .

11 U.S.C. § 362(d).

While a "majority of courts that have construed the 'for cause' provision of section 362(d)(1) have found that a debtor's failure to make payments to the creditor after confirmation of the plan can constitute cause to modify or lift an automatic stay," "the failure to make payments, standing alone, however, does not usually constitute 'cause' to modify or lift the stay. . . ." *In re Nichols*, 440 F.3d 850, 856 (6th Cir. 2005). "Generally, before modifying or lifting a stay, a court should first weigh the equities by conducting a fact-specific analysis of the circumstances surrounding the default." *Id.* at 856 (citing *In re Mendoza*, 111 F.3d 1264, 1271 (5th Cir. 1997)).

In the instant case, the Court has reviewed the record of the bankruptcy court and found that, while this Court may have reached a different conclusion on the issue, the bankruptcy court did not abuse its discretion when it modified the stay.

At the hearing, Debtors acknowledged that they were at least one plan payment delinquent in the amount of $3600.00. *See* Tr., p. 12. And although there was some dispute as to whether DaimlerChrysler had received the payments it was entitled to under the modified plan and even whether the amounts listed as due under the plan were correct, *see* Tr., pp. 5-9, the Court considered the arguments of each party, heard the evidence, made fact-specific inquiries about the circumstances of the default, and finally weighed all the evidence and arguments that were presented. Subsequently, after considering all the available information, the Court found that with respect to DaimlerChrysler, there was "some delinquency in what [DaimlerChrysler] received because of the debtors' failure to pay every plan payment on time and in full." Tr., p. 9. "That of


course means only that there . . . is cause to grant some relief from stay in the Court's discretion." Tr., p. 12.

In finding that there was cause to modify the stay, the Court acknowledged that the unpaid debt owed to DaimlerChrysler "might be relatively small." Tr., p. 9. However, the Court explicitly took the relative size of the default into consideration when modifying the stay. *See* Tr., pp. 12-13 ("Considering the degree of the default and the degree of the current delinquency. . . . [the Court] is going to condition a continuation of the automatic stay in two ways, two things.")

While this Court may have reached a different conclusion about whether the delinquency created cause to modify the stay, *see In re Nichols*, 440 F.3d at 856 ("the failure to make payments, standing alone, however, does not *usually* constitute 'cause' to modify or lift the stay. . . ." (emphasis added)), because a majority of courts have found that a debtor's failure to make payments to a creditor after plan confirmation does constitute cause, *see id.*, the Court finds that "a reasonable person could agree with the bankruptcy court's determination." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d at 608. Therefore, after a review of the parties' briefs and the corresponding bankruptcy court record, although this Court may have reached a different conclusion, the Court is unable to find that the bankruptcy court applied the incorrect law, made clearly erroneous findings of fact, or abused its discretion.

**ACCORDINGLY, IT IS HEREBY ORDERED** that, for all the reasons set forth above, the order of the bankruptcy court, entered May 17, 2006, is **AFFIRMED**.

**SO ORDERED.**

Dated:   March 14, 2007                                            s/Paul V. Gadola
                                                                                    HONORABLE PAUL V. GADOLA

UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 15, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           Rita A. Barid; Christopher Jason Cardasis                       , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                                                s/Ruth A. Brissaud
                                                                Ruth A. Brissaud, Case Manager
                                                                (810) 341-7845